IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**ROBERT SINGLETON**

       **Plaintiff,**

**v.**     **CV 08-PT-1133-E**

**SIX FLAGS OVER GEORGIA,
II, LP**

       **Defendant.**

## MEMORANDUM OPINION

     This cause comes on to be heard on a Motion to Dismiss Plaintiff's Complaint filed by defendants on July 21, 2008 and converted by the court to a motion for summary judgment. The only ground stated in the motion is that the action is barred by res judicata and collateral estoppel. See recorded conference of August 29, 2008. The defendants acknowledge that the proper defendant is named and has been served in *this* action. The defendants do not acknowledge that the proper party was ever appropriately named and served in the Georgia case relied upon by the defendants. In the Georgia action the defendants not only denied that the proper party had been named and served, they opposed the granting of a motion to amend to name the proper party. That motion was not ruled on by the Georgia court. It was declared to be moot. See filings and briefs for a history of the Georgia action. The proper party was never named in the Georgia trial court or in the appellate rulings.

     It is not absolutely clear as to whether Alabama allows a res judicata defense based on

privity of the parties.  Some states do, others do not.[1]  Compare, however, *Backus v. Washington* 619 So.2d 1342 (Ala. 1993) and *Marshall County, etc. v. Guntersville,* 598 So.2d 1331 (Ala. 1992).

In Alabama, res judicata will generally bar a plaintiff from re-litigating a claim that was previously adjudicated. *Lee L. Saad Constr. Co. v. DPF Architects, P.C.*, 851 So. 2d 507, 516 (Ala. 2002). In order for a cause of action to be barred due to res judicata, the following four elements must be satisfied: 1) a prior judgment on the merits; 2) rendered in a court of competent jurisdiction; 3) with substantial identity of the parties; and 4) with the same cause of action presented in both actions. *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007) (internal punctuation and citations omitted).

Alabama "has not followed the trend of abolishing the requirement that parties be identical." *Id.* (quoting *McMillan v. Johnson*, 878 F. Supp. 1473, 1520 (M.D. Ala. 1995), *rev'd on other grounds by* 88 F.3d 1554 (11th Cir. 1996). An exception may be made to this requirement for parties who are in privity with a party to a prior action. *Dairyland Ins. Co. v. Jackson,* 566 So. 2d 723, 726 (Ala. 1987). The term "privity" has not been uniformly defined with respect to res judicata. *Stewart v. Brinley*, 902 So. 2d 1, 10 (Ala. 2004).  Nevertheless, it is often deemed to arise from: (1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; or (3) an identity of interest in the subject matter of the litigation. *Id.* at 10-11. The question of privity has been has been resolved on an ad hoc basis in which circumstances determine whether a person should be bound

---

[1]The Georgia court apparently did not consider privity in dismissing the case there.

or entitled to the benefits of the judgment. *Id.* at 11.[2] Furthermore, "[t]he decision usually turns on whether the relationship between the parties was close enough and whether adequate notice of the action was received by the alleged privy; this test has been bolstered by the recent tendency of the Alabama courts to analyze privity as an identity of interests." *Hughes v. Martin*, 533 So. 2d 188, 190 (Ala. 1988) (quoting *Issue Preclusion in Alabama*, 32 Ala. L. Rev. 500, 520-21 (1981)).

The recent decision in *Stewart* may be instructive here. In that case, the Alabama Supreme Court examined the question of privity as it applied to party doctors, their wholly- and partially-owned P.C.'s, and one plaintiff's wife. The question of privity for res judicata purposes turned not on whether an entity was owned by a party, but whether the parties – both the natural and unnatural persons – were represented by the same counsel as to certain claims. *See Stewart*, 902 So. 2d at 12 (finding that a Defendant was not in privity with his partially owned P.C. for res judicata purposes merely because of ownership; privity would arise, if at all, by demonstrating identical interests through sharing counsel).

Given the procedural posture of this case – i.e., the fact that the plaintiff tried to name or join the proper defendant in the Georgia case but was unsuccessful – it is worth noting that the Alabama Court addressed a similar issue in *Stewart*. There, the plaintiffs "proffered" an amended pleading, after time had expired, containing allegations "critical of" the defendants. The Alabama Supreme Court noted that the disallowed claim did not "constitute a claim, much less a claim litigated to a judgment"; and therefore res judicata could not arise. 902 So. 2d at 11. *See also Hughes*, 533 So. 2d 188 (fact that defendant in the second action had been sued as joint

---

[2]The fact that the defendant opposed naming the proper defendant is such a circumstance.

tortfeasor with party in original action gave rise to res judicata preclusion). *Compare Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468 (11th Cir.) where the Eleventh Circuit found a district court's determination of privity to be clearly erroneous. The district court applied the federal four-part test for privity of interest (it is identical to Alabama's) and found a parent and subsidiary to be in privity. The Eleventh Circuit reversed and remanded, holding that a finding of privity was erroneous where the record was silent as to the degree of ownership of the subsidiary by the parent, the degree of control, and whether the entities operated independently or as one unit. *Id.* at 1473.

In short, Alabama appears to consider the question of privity, illustrated in *Hughes*, as primarily one of identity of interest between parties, and the inquiry is necessarily fact-intensive.

The enforcement of a foreign judgment for defendants due to a statute of limitations defense complicates the usual res judicata analysis. It is certainly true that a competent court which bars a plaintiff's suit for falling outside of the limitations period has a res judicata effect for the other courts within that sovereign's system. *See Clothier v. Counseling, Inc.*, 875 So. 2d 1198, 1199 (Ala. Ct. Civ. App. 2003) (noting that a suit's dismissal under statute of limitations is a judgment on the merits and is therefore barred from further prosecution by res judicata) *and* 50 C.J.S. Judgments § 728.   However, when such a judgment is to be enforced in a foreign court, res judicata may *not* apply. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 110 (1971) ("A judgment that is not on the merits will be recognized in other states only as to issues actually decided."). Comment b to this section notes that "[a]s between States of the United States, application of the local law of the State of rendition to ascertain what issues were finally determined by the judgment is required by full faith and credit."  Thus, because the bar of the

statute of limitations was the only issue actually decided in the original state, that is the only issue to which res judicata binds the parties. Therefore, this judgment "will preclude the plaintiff from maintaining an action to enforce the claim in another state only if the courts of the other state would apply [the original state's] statute of limitations either by reason of their own borrowing statute or because [the original state's] statute of limitation is applicable under their choice-of-law rules." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 110 cmt. b (1971) *See also Bank of the United States v. Donnally*, 33 U.S. 361, 369 (1834) (noting that the bar of a statute of limitations in one state would not necessarily bar suit in another state); *Titus v. Wells Fargo Bank & Union Trust Co.*, 134 F.2d 223, 224 (5th Cir. 1943) ("[W]hen a plaintiff, electing to sue in Texas, invoked the remedy there afforded, it did so subject to the laws of Texas governing those remedies and must stand or fall by them. Because, however, such a defense [the statute of limitations] goes not to the substance of the contract but operates merely on the remedy, a judgment which denies relief, merely because such a statute has run against the claim determines only that no action may be brought on that claim in that state. It does not and cannot determine that an action may not be maintained . . . in another state.").

The motion will be **DENIED**.

This the 8th day of September, 2008.

*/s/ Robert B. Propst*
_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**